IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2011 MAR -4  PM 12: 19
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| DAVID J. ALVAREZ III, JORDAN CRIST, and ROWLAND GLEED, Individually and on Behalf of Others Similarly Situated, § § § § § | SA11CA0179 XR |
| Plaintiffs, § | CIVIL ACTION NO_____ |
| V. § § | JURY TRIAL DEMANDED |
| AMB-TRANS INC. d/b/a AMBTRANS AMBULANCE, MAURICE SHANER II, MITCHEL SHANER, MICHAEL HAWK, ANA ROMMEL, DAVID L. SURINA, and DONNA STEWART, Individually and in their Official Capacity, § § § § § § § § § | |
| Defendants. § | |

**PLAINTIFFS' ORIGINAL COMPLAINT.**

DAVID J. ALVAREZ III, JORDAN CRIST, and ROWLAND GLEED, individually and on behalf of all others similarly situated ("Plaintiff," "Plaintiffs," or "Class Members" herein) bring this Fair Labor Standards Act ("FLSA") suit against AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE, MAURICE SHANER II, MITCHEL SHANER, MICHAEL HAWK, ANA ROMMEL, DAVID L. SURINA, and DONNA STEWART, individually and in their official capacity ("Defendants" herein), and show as follows:

**INTRODUCTION**

1. This lawsuit is brought as a nationwide collective action under the FLSA to recover unpaid wages owed to Plaintiffs and all other similarly situated employees.

2. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE is a Domestic For-Profit Corporation that provides both emergency and non-emergency transportation and emergency medical services to individuals in the Bexar County area of San Antonio, Texas. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE was establised in San Antonio, Texas in 1992. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE provides emergency as well as non-emergency transportation and emergency medical services to any individual that may need the service in the Bexar County area or the charming areas. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE is a fully qualified "Advanced Life Support" provider of EMS services licensed by the Department of State Health Services. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE provides the following services: (a) ambulance service for the sick and injured to and from hospitals, clinics, dialysis centers, hyperbarics, doctor's offices, and out-of-town transports; (b) wheelchair van service for individuals that are confined to a wheelchair, by utilizing a special van equipped with a wheelchair lift and special lock downs for the wheelchair while en route to the destination; and (c) medical car shuttle service used for individuals that need to get to and from their doctor's appointment. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE's policy and practice are to deny earned wages and overtime pay to its employees. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

3. MAURICE SHANER II is one of the co-owners of AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE that provides both emergency and non-emergency transportation and emergency medical services. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE's policy and practice are to deny earned wages and overtime pay to its employees. Defendants'

<(continuation of prior paragraph)>

deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

4. MITCHEL SHANER is one of the co-owners of AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE that provides both emergency and non-emergency transportation and emergency medical services. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE's policy and practice are to deny earned wages and overtime pay to its employees. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

5. MICHAEL HAWK is one of the officers of AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE that provides both emergency and non-emergency transportation and emergency medical services. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE's policy and practice are to deny earned wages and overtime pay to its employees. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

6. ANA ROMMEL is one of the officers of AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE that provides both emergency and non-emergency transportation and emergency medical services. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE's policy and practice are to deny earned wages and overtime pay to its employees. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

7. DAVID L. SURINA is one of the officers of AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE that provides both emergency and non-emergency transportation and emergency medical services. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE's

policy and practice are to deny earned wages and overtime pay to its employees. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

8. DONNA STEWART is one of the officers of AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE that provides both emergency and non-emergency transportation and emergency medical services. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE's policy and practice are to deny earned wages and overtime pay to its employees. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

## JURISDICTION AND VENUE

9. The subject matter in controversy is within the jurisdictional limits of this court.

10. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. §216(b) and 28 U.S.C. 1331.

11. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c) because AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE conducts business in this district.

## PARTIES

12. Plaintiff, DAVID J. ALVAREZ III, is an individual who resides in San Antonio, Texas. Plaintiff's consent to become a party plaintiff pursuant to 29 U.S.C. §216(b) is attached hereto as Exhibit A.

13. Plaintiff, JORDAN CRIST, is an individual who resides in San Antonio, Texas. Plaintiff's consent to become a party plaintiff pursuant to 29 U.S.C. §216(b) is attached hereto as Exhibit A.

14. Plaintiff, ROWLAND GLEED, is an individual who resides in San Antonio, Texas. Plaintiff's consent to become a party plaintiff pursuant to 29 U.S.C. §216(b) is attached hereto as Exhibit A.

15. Defendant, AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE is a Domestic For-Profit Corporation and may be served with process by serving its Registered Agent, Maurice Shaner II, at 538 W. Woodlawn, San Antonio, Texas 78212. AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE conducts business in San Antonio, Texas.

16. Defendant, MAURICE SHANER II, is an individual who resides in Adkins, Texas and may be served with process at 538 W. Woodlawn, San Antonio, Texas 78212.

17. Defendant, MITCHEL SHANER, is an individual who resides in Adkins, Texas and may be served with process at 538 W. Woodlawn, San Antonio, Texas 78212.

18. Defendant, MICHAEL HAWK, is an individual who resides in San Antonio, Texas and may be served with process at 538 W. Woodlawn, San Antonio, Texas 78212.

19. Defendant, ANA ROMMEL, is an individual who resides in San Antonio, Texas and may be served with process at 538 W. Woodlawn, San Antonio, Texas 78212.

20. Defendant, DAVID L. SURINA, is an individual who resides in Naperville, Illinois and may be served with process at 538 W. Woodlawn, San Antonio, Texas 78212.

21. Defendant, DONNA STEWART, is an individual who resides in San Antonio, Texas and may be served with process at 538 W. Woodlawn, San Antonio, Texas 78212.

## GENERAL FACTS AND ALLEGATIONS

22. The individual plaintiffs, David J. Alvarez III, Jordan Crist, and Rowland Gleed, and all others similarly situated employees did not receive overtime compensation accumulated throughout their entire employment at AMB-TRANS, INC. d/b/a AMBTRANS AMBULANCE.

23. Plaintiffs and other similarly situated employees who worked on 48-hour shifts were only being compensated for 32-hours. The rationale was to subtract 2-hours of breakfast break, 2-hours of lunch break, 2-hours of dinner break, and 10-hours of nap break from their compensation.

24. Plaintiffs and other similarly situated employees who worked on 24-hour shifts were only being compensated for 16-hours. The rationale was to subtract 1-hour of breakfast break, 1-hour of lunch break, 1-hour of dinner break, and 5-hours of nap break from their compensation.

25. Plaintiffs and other similarly situated employees were required to work their designated shift hours even if their workdays fell on a Public Holiday, including but not limited to, Thanksgiving Day, Christmas Day, and New Year Day.

26. When Plaintiffs and other similarly situated employees are on schedule, they are prohibited from taking their meal breaks outside the "station." They are required to be at the "station" when taking their meal breaks to accommodate with any call-ins that might occur during that time frame. They are not allowed to leave the premises.

## COLLECTIVE CLASS FACTS AND ALLEGATIONS

27. Defendants are based in San Antonio, Texas.

28. Defendants classifies employees such as Plaintiff and other similarly situated as "non-exempt" employees who are eligible for overtime compensation when they work more than 40 hours in a workweek.

29. Defendants and Plaintiff are regularly engaged in commerce for purposes of the FLSA.

30. Defendants failed to accurately record employees' time worked for business related activities.

31. The net effect of Defendants' policy and practice instituted and approved by company managers is that Defendants willfully fail to pay regular and overtime compensation and willfully fail to keep accurate time records in order to save payroll costs. Defendants enjoy ill-gained profits at the expense of employees.

32. Plaintiffs bring Count I ("the FLSA claim") as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all "employees" as described herein.

33. The FLSA Claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

34. Plaintiffs, individually and on behalf of others similarly situated employees, seek relief on a collective basis challenging, among other FLSA Violations, Defendants' practice of failing to record all hours worked and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other employees yet to opt-in and consent to be parties may be determined from the records of Defendants and pretrial class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### Violation of the Anti Retaliation Provision of the Fair Labor Standards Act (FLSA) of 1938
### Violation of the Overtime Requirements of FLSA

**(On Behalf of Plaintiffs, DAVID J. ALVAREZ III, JORDAN CRIST, and ROWLAND GLEED, Individually and Others Similarly Situated)**

35. Plaintiffs reassert and re-allege the allegations set forth in all preceding paragraphs.

36. Defendants have willfully violated the FLSA by failing to pay Plaintiffs overtime compensation for hours worked over forty per week. Plaintiffs, therefore, sues for all unpaid overtime that they are owed for the past three years. Additionally, Defendants did not act in good faith, and Plaintiffs are therefore entitled to an equal amount in liquidated damages.

## COUNT II

### Violation of the Fair Labor Standards Act (FLSA) of 1938
### Violation of the Overtime Requirements of FLSA

**(Brought Against Defendants by Plaintiffs,
Individually and on Behalf of Others Similarly Situated)**

37. Plaintiffs reassert and re-allege the allegations set forth in all preceding paragraphs.

38. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§201, et seq.

39. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce or in the production of goods form commerce, or employees are employed in an enterprise engaged in interstate commerce or in the production of goods for commerce. 29 U.S.C. §207(a)(1).

40. Defendants are subject to the regular and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

41. Defendants violated the FLSA by failing to pay employees regular and overtime compensation in accordance with 29 U.S.C. §206(1)(c), §207(a)(1), and §207(e). In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

42. Section 13 of the FLSA, codified at 29 U.S.C. §213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs or other similarly situated employees.

43. Plaintiffs and all other similarly situated employees are victims of a common policy, plan, and decision. This common policy, in violation for the FLSA, has been applied to all similarly situated employees in Defendants' employ.

44. Defendants' violations of the FLSA's overtime requirements include (1) failing to record and compensate all working time of non-exempt employees, including pre-shift and end-shift time worked; and (2) failing to include and account for all compensation earned by employees when calculating and paying non-exempt employees.

45. Plaintiffs and all other similarly situated employees are entitled to damages equal to the mandated wage and overtime premium pay within the three years preceding the filing of their original Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

46. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and all other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. §216(b). Alternatively, should the Court find that the Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all other similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

47. As a result of the aforesaid willful violations of the FLSA's regular and overtime pay provisions, regular and overtime compensation have been unlawfully withheld by Defendants from Plaintiffs and all other similarly situated employees. Accordingly, Defendants are liable, pursuant to 29 U.S.C. §216(b), together with an additional amount as liquidated damages pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT III

### Unjust Enrichment/Quantum Merit

**(Brought against Defendants by Plaintiffs,
Individually and on Behalf of Others Similarly Situated)**

48. Plaintiffs reassert and re-allege the allegations set forth in all preceding paragraphs.

49. Defendants benefited from the work performed by Plaintiffs and all other similarly situated employees.

50. Defendants were aware that they were receiving the benefits of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying the compensation.

51. Defendants' acceptance and retention of the benefit of Plaintiffs and all other similarly situated employees were inequitable and resulted in Defendants' being unjustly enriched.

## DEMAND FOR JURY TRIAL

52. Plaintiffs hereby request a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

53.     Plaintiffs designate San Antonio, Texas as the place for trial.

## PRAYER

FOR THESE REASONS, Plaintiffs and all other similarly situated employees demand judgment against Defendants and pray for:

(a)   actual damages, including regular wages, overtime wages, back pay, front pay, lost benefits, mental anguish damages, and other compensatory damages;

(b)   liquidated damages as provided by the FLSA;

(c)   punitive damages;

(d)   attorneys' fees, expenses, expert fees, and costs in vindicating the rights of Plaintiffs;

(e)   equitable relief;

(f)   pre-judgment and post-judgment interest at the highest rate provided by law; and

(g)   such other relief, at law or in equity, as the Court deems just and appropriate.

Respectfully submitted,

By: _____
Glenn D. Levy
Texas Bar No. 12264925
906 West Basse Road, Suite 100
San Antonio, Texas  78212
Telephone:   210.822.5666
Facsimile:    210.822.5650
**ATTORNEY FOR PLAINTIFFS,
DAVID J. ALVAREZ III, JORDAN
CRIST, and ROLAND GLEED, and
All Other Similarly Situated Individuals**