# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| **DAVID ALVAREZ, ET. AL.** | § | |
| | § | |
| **v.** | § | |
| | § | SA-11-CV-179-XR |
| **AMB-TRANS, INC. AND MAURICE SHANER** | § | |

**ORDER**

On this day the Court considered Plaintiff's brief and calculations regarding damages and Defendants' brief regarding same.

On November 7, 2012, the Court issued its Findings of Fact and Conclusions of Law concluding that AMB-Trans, Inc. and Maurice Shaner were employers under the Fair Labor Standards Act and that they violated the FLSA by impermissibly deducting hours from meal periods because the Plaintiffs were not completely relieved from duty. Further, the Court found that Defendants provided Plaintiffs uninterrupted sleep time only 50% of the time they worked. Finally, the Court concluded that Defendants' actions in violating the FLSA were willful. The Court thereafter requested that the parties brief the issue of appropriate damages.

Actual Damages

In conformity with the rulings found by the Court, Plaintiff Alvarez has calculated that he has suffered damages in the amount of $35,157.10. Plaintiff Gleed has calculated that he has suffered damages in the amount of $14,787.80. Plaintiff Crist has calculated that he has suffered damages in the amount of $5,343.70.[1] The Court finds that Plaintiffs' damage calculations

---

[1] Defendants have calculated damages as follows: Plaintiff Alvaraez - $12,291.57; Plaintiff Gleed - $7,369.78; and Plaintiff Crist - $820.90. The Court is unable to determine what formula Defendants used to make their calculations and there appears to be substantial discrepencies in their calculations. For example, Plaintiff Jordan David Crist was employed with Defendant AMB-Trans, Inc. from September 14, 2009 until January 4, 2010. He worked 48 hour shifts. Accordingly, one week he worked 72 hours and the following week 96 hours. Although he was on call 24

correctly reflect the Court's rulings and reflect the actual unpaid wages suffered by Plaintiffs in this case.

### Liquidated Damages

The FLSA damage provisions also provide for liquidated damages in an amount equal to the unpaid wages. 29 U.S.C. § 216(b). In *Heidtman v. County of El Paso*, 171 F.3d 1038 (5th Cir. 1999), the Fifth Circuit reaffirmed that the employer has the burden of demonstrating that it acted in good faith and on reasonable grounds to defeat an FLSA liquidated damages claim. A court may, in its discretion, reduce or eliminate the liquidated damages when the defendant had a good faith belief that its conduct was not unlawful. 29 U.S.C. § 260.

As stated above, this Court has already found that Defendants did not have a good faith belief that their conduct was lawful. Defendants' actions in violating the FLSA were willful. Even if the Court retained discretion not to award liquidated damages in an amount equal to the unpaid wages, the Court concludes that a full liquidated damages award is appropriate in this case. Despite previously being investigated by the Department of Labor, the employer in this case implemented cosmetic changes to its payroll practices to merely give the appearance of wage and hour compliance.

### Attorney's fees and costs

Plaintiffs seek recovery of their attorney's fees and costs of court. Plaintiff's counsel must comply with WDTX Local Rule CV-7. Any claim for fees and costs shall be made by motion not later than 14 days after entry of judgment. The parties must confer on any motion for fees as indicated in Local Rule CV-7.

---

hours, he was generally only paid for 13 hours. Most "payroll recap" documents indicate he was routinely deducted for 3 meal periods and 8 sleep hours. Defendants' calculations have him paid initially at $10 per hour with a later increase to $12.82 and then a pay cut to $7.25 per hour. There was no evidence in this case that his pay was cut. See Defendants' Ex. 4. Although he worked 17 pay periods, Defendants' calculations only provide him for additional compensation during four pay periods. Defendants' calculations and their assumptions are unreliable.

**Conclusion**

After review of all the evidence in this case, the previously issued findings of fact and conclusions of law, and the parties' latest briefs regarding damages, the Court finds that Plaintiff Alvarez has suffered actual unpaid wages in the amount of $35,157.10, Plaintiff Gleed has suffered actual unpaid wages in the amount of $14,787.80, and Plaintiff Crist has suffered actual unpaid wages in the amount of $5,343.70. Plaintiffs are awarded liquidated damages in an amount equal to the unpaid wages. Plaintiffs are also awarded their costs of court and reasonable attorney's fees. The Clerk is directed to issue a Judgment accordingly. Any claim for attorney's fees and costs of court shall be made by motion not later than 14 days after entry of judgment.

SIGNED this 29th day of January, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE