# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ALVAREZ,III, JORDAN CRIST, and ROWLAND GLEED, Individually and on Behalf of Others Similarly Situated | § § § | CIVIL ACTION NO. SA-11-CA-0179-XR |
| v. | § | |
| AMB-TRANS INC. d/b/a AMBTRANS AMBULANCE, MAURICE SHANER, II, MITCHEL SHANER, ANA ROMMEL, DAVID L. SURINA, and DONNA STEWART, Individually and in their Official Capacity | § § § § | |

## DEFENDANTS' RESPONSE TO
## PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Defendants, Amb-Trans, Inc. and Maurice Shaner, submit this, their Response to Plaintiffs' Motion for Attorney's Fees, and show as follows:

1. The Plaintiffs previously requested attorney's fees in its Brief and Calculations Regarding Damages. The Court, however, ordered the Plaintiffs to request attorney's fees and costs in accordance with local Rule CV-7. See Court's Jan. 29, 2013 Order, p. 2. The Plaintiffs then submitted a request for attorney's fees on Feb. 12, but their request still does not fully satisfy Local Rule CV-7.

2. Plaintiff's request includes very little detail. Most of Plaintiff's time entries include general descriptions, such as "finalize objections and responses" (2/8/12) or "finalize and e-file Plaintiff's Rule 26(a) Initial Disclosures" (4/20/12). The motion requests a lodestar amount of $385 per hour for Mr. Levy, $300 for Larry Gee and $75 per hour for the legal assistant. Pl's Mtn. p. 2. Plaintiffs provide no authority for their hourly rates other than their own view of what a reasonable rate should be. But, as Defendants explained in its Response to Plaintiff's first motion for attorney fees, the reasonable hourly rate for this community is closer to $200 or $325 per hour. Def's

Response to Plaintiffs' First request for Attorney's Fees, p. 2-3. But, it is less than $385 per hour request by Plaintiffs.

 3. Contrary to Plaintiffs' assertion, Plaintiffs actually attempted twice to confer with Defendants regarding their claim for attorney's fees. See Plaintiffs' Motion, p. 2. Plaintiffs emailed Defendants' attorney on Feb. 12. See Ex. A, T.Crane Affid. Before this attorney could respond to this email, Plaintiffs filed their motion for attorney's fees. In a prior attempt to confer, Defendants' counsel did indeed confer with Plaintiffs' counsel, but Plaintiffs inexplicably did not discuss their motion for attorney's fees. See Ex. A regarding emails dated Feb. 1, 2013.

*Hourly Rate*

 1. In Plaintiff's first motion for attorney fees, Plaintiffs' counsel claimed an hourly rate of $485/hour. See Plaintiffs' Brief and Calculations Regarding Damages, Docket No. 83, filed 11/9/11. Plaintiffs' counsel claimed a total of 265 hours then. As noted in Defendants' first Response to Plaintiffs' first request for attorney fees, one recent FLSA case resulted in an award of $200 per hour. In *Barney v. Hill Country Shooting Sports Center, Inc.,* No. SA-11-CA-268 (W.D. 4/23/12), Judge Hudspeth awarded an attorney fee of $200/hour and a reasonable number of hours of 54.7 hours in an FLSA case. And in an FLSA collective action case, the western District of Texas awarded $325 per hour to the lead plaintiff lawyer. In *Ransom v. Patel,* 859 F.Supp.2d 856, No. A-10-CA-857-AWA (W.D. Tex. 5/9/12), the Court found reasonable in an FLSA collective action a rate of $325 for a lead plaintiff lawyer with 15 years experience and board certification in labor and employment. In ransom, the three plaintiff lawyers sought a total of some 1,172 hours, with 767 hours by the lead plaintiff lawyer.

 2. Defendants now incorporate here its prior response filed on Dec. 13, 2012 as if fully set forth. In *Ransom,* Defendant's counsel testified that they were paid $200 and $250 per hour by the employer. One of the defense lawyers focused on employment cases, while the second focused on commercial litigation. *Ransom,* Defendant's Objection to Plaintiff's request for Attorney's Fees, p. 16. As mentioned in Defendant's first response to Plaintiffs' request for attorney's fees, the plaintiff lawyer in *Barney*

2

moved for summary judgment in her case and attended more hearings than the three plaintiffs' counsel. Response, p. 3. Yet, Mr. Levy asks for 235 hours to Ms. Gaul's 54 hours. Mr. Levy seeks $385 per hour to Ms. Gaul's $200 and Mr. Moreland's $325.

*Reduction in Fees*

1. Plaintiffs began the action as a collective action. They dropped that part of their case. That is, Plaintiffs never filed a motion seeking certification as a collective action. Plaintiffs did not respond to Defendants' motion for summary judgment. Plaintiffs were found to be dilatory regarding discovery issues. See the Court's April 25, 2012 Order. Yet, Plaintiffs ask for a total of 3.7 hours in attorney fees regarding Plaintiffs' response to Defendants' motion for summary judgment. See entries dated 6/15/12, 6/18/12, 6/20/12 and 7/23/12. Plaintiffs never submitted any summary judgment response.

2. Plaintiffs claim 6 hours to "begin preparing" answers and objections to Defendants' discovery requests. See entries dated 1/30/12. They then claim 3.5 hours to "finalize" objections and answers. See Pl's entries dated 2/8/12. These entries do not explain what task was actually performed. The Plaintiffs claim 13 hours to attend the depositions of Plaintiffs Alvarez, Gleed and Crist. While, this attorney recorded only 3.25 hours to attend the same depositions. See Ex. A, T.Crane Affid., p. 2. Plaintiffs claim .2 hours to review Defendants' suggested protective order. They also claim .8 hours to prepare a letter to Defendants regarding Defendants' proposed protective order. But, Plaintiffs never signed the proposed protective order and never responded to Defendants' request that they review the suggested protective order.

3. The Western District of Texas reduced the plaintiff's requested attorney fees in *Klebe v. University of Texas Health Science Center*, No. A-08-CA-091, 2010 WL 1544394 (W.D. Tex. 2010), because many entries lacked sufficient detail. Relying on *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987), the Court found that billing records that lack explanatory detail are unacceptable. The Court required that the plaintiff provide the general matter of time expenditures. Where the explanation is inadequate, the court may reduce the fee award accordingly. While Dr. Klebe's counsel noted the type of work being done, he did not identify the subject matter of what was

3

being worked on, said the *Klebe* court. It was not possible for the *Klebe* court to determine which portions were spent working on a retaliation claim, as opposed to the dismissed discrimination claims.

4. As in *Klebe*, the three employees' lawyer has made no attempt to segregate the successful claims from the unsuccessful collective action claims. Plaintiffs have not segregated the time spent on defendants who were not served or who were dismissed from the actual defendants. Also as *in Klebe*, the three plaintiffs' attorney has not shown "billing judgment." The party requesting attorney's fees has the burden of demonstrating the reasonableness of the hours billed and must prove that billing judgment was exercised in reaching this figure. *Saizan v. Delta Concrete products*, 448 F.3d 795, 799 (5th Cir. 2006) (Billing judgment requires documentation of hours written off as unproductive, excessive, or redundant). All "excessive, duplicative, or inadequately documented" time should be eliminated from an attorney's fee award. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

5. The plaintiffs have not exercised billing judgment. They have included time at court for which Plaintiffs' attorney was not actually present. See entry dated Oct. 5, 2011. They have included time actually spent by a paralegal, not by an attorney. See Ex. A, T.Crane Affid., regarding entry dated 1/24/12. This entry includes time apparently spent by Mr. Levy as well as the call made by Ms. Lozano. This entry does not provide enough detail with which to segregate the time spent by Mr. Levy and the time spent by Ms. Lozano.

6. The Plaintiffs' counsel has lumped together time spent "e-filiing" and performing other tasks. For example, on March 4, 2011, Mr. Levy "finalized and e-filed" Plaintiffs' Original Complaint. He groups together various tasks with "e-filing" on other dates: Nov. 9, 2011, April 19, 2012, April 20, 2012; Oct. 15, 2012; Oct. 19, 2012; Oct. 24, 2012; Oct. 25, 2012; Nov. 12, 2012; for a total of 16.7 hours. It is not possible from this brief recitation to segregate attorney time from the clerical task of e-filing. Plaintiffs' counsel also lumped together one hour in which he "finalized" objections and performed some Bates stamping tasks. See entry dated Feb. 8, 2012. Bates stamping is

4

presumably a clerical task.

      7. The Plaintiffs claim 12 hours on discovery which was addressed to persons who were not parties to this suit. See Ex. A, T.Crane Affidd., p. 2. Plaintiffs named Ana Rommel and David Surina in the caption of the suit, but never served them. Plaintiffs served Mitchel Shaner, but he was dismissed from this suit on Oct. 5, 2011. Yet, Plaintiffs served the below signed attorney with discovery addressed to Ana Rommel, David Surina and Mitchel Shaner in December, 2011.

      8. Plaintiffs have claimed 24.5 hours for "preparation of trial brief" and "finalize" trial brief. See entries dated Dec. 1, 2, 4 and 5, 2012. But, Plaintiffs' Dec. 5 Brief and Calculations Regarding Damages is only five pages long with no caselaw.

      9. The *Klebe* court believed it could identify the point after which most of the plaintiff's counsel's time would have been spent on the retaliation claim. The Court then reduced the award from the requested $422,000 to $140,000.

      10. Using a similar methodology, the plaintiffs' collective action claim probably expired on June 15, 2012. That is when a motion to certify as a collective action would have been due. Presumably, time spent after that date would have been spent on the successful FLSA claim for each plaintiff. That would leave the plaintiffs with about 115 hours incurred after June 15, 2012 – all by Mr. Levy. The time before June 15 would, therefore, amount to about 120 hours, including 30 hours by Mr. Gee.

| Atty Time | Reduction for Billing Judgment & Incorrect Entries | Reduction to Segregate for FLSA claim, incorrect defendants | Adjusted Atty Hours |
|---|---|---|---|
| 1/11/11 – 6/15/12 | | | |
| GL: 90 | 25% | 65% | 9 |
| LG: 30 | 25% | 65% | 3 |
| | | | |
| GL: 115 | 25% | 0% | 87 |

      11. Plaintiffs' counsel's time records contain some discrepancies, as can happen in any law office. This lawsuit is more comparable to the *Barney* lawsuit than to the

*Ransom* lawsuit, a collective action from start to finish. In the *Barney* case, the plaintiff's attorney claimed 54 hours. Mr. Levy's fee request appears to contain some degree of "puffing." But, it would be very difficult and perhaps impossible for the Court to look too closely at Plaintiffs' fee request. Plaintiffs' counsel has also presented two different "normal" hourly rates to this Court. For these reasons, there should be more reduction for billing judgment and incorrect entries than occurred in the *Klebe* suit.

WHEREFORE, Defendants pray they the Court enter an order for attorney's fees and costs in accordance with Defendants' Response above; and for all relief, at law and in equity, to which they may be entitled.

Respectfully submitted,

Thomas J. Crane
T.S.B. No. 05007320

LAW OFFICE OF THOMAS J. CRANE
750 E. Mulberry, Suite 303
San Antonio, Texas 78212
(210) 736-1110
(210) 745-4258 Fax
tom@cranelawyer.net

Attorney for Defendants

<u>Certificate of Service</u>

I certify that a true copy of the foregoing instrument was electronically filed on the __26th__ day of February, 2013 with the Clerk of Court using the CM/ECF system which will send notice of such filing to the following counsel:

Glen D. Levy
906 W. Basse Road, Suite 100
402 W. 12th Street
San Antonio, Texas 78212

Thomas J. Crane

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ALVAREZ,III, JORDAN CRIST, and ROWLAND GLEED, Individually and on Behalf of Others Similarly Situated | § § § | |
| v. | § | CIVIL ACTION NO. SA-11-CA-0179-XR |
| AMB-TRANS INC. d/b/a AMBTRANS AMBULANCE, MAURICE SHANER, II, MITCHEL SHANER, ANA ROMMEL, DAVID L. SURINA, and DONNA STEWART, Individually and in their Official Capacity | § § § § | |

### ORDER

On this day came to be heard the Defendants' Motion for Attorney's Fees. Having heard argument of counsel and having reviewed the motion and attachments, it appears that the motion has merit.

It is therefore:

ORDERED that:

The lodestar amount be set at _____ and that the lodestar amount be multiplied by the total hours of _____ to arrive at a total attorney fee award of $_____. Plaintiffs have waived their expenditures for costs.

SIGNED AND ENTERED this _____ day of _____, 2013.


_____
XAVIER RODRIGUEZ
U.S. DISTRICT JUDGE

# EXHIBIT A

<u>AFFIDAVIT</u>

STATE OF TEXAS             §

COUNTY OF BEXAR        §

BEFORE ME, the undersigned authority, on this day personally appeared Thomas J. Crane, known to me to be a credible person, competent in all respects to make this affidavit, and who, by me sworn upon oath, stated:

"My name is Thomas J. Crane; I am over the age of eighteen, and am capable of providing this statement and affidavit. I am an attorney licensed in the state of Texas. I have been licensed in Texas since 1989. I am admitted to the Western District of Texas and the Fifth Circuit Court of Appeals.

"I represent Amb-Trans and Maurice Shaner in Cause No. 11-CA-0179-XR. I have represented them in this action since 2011. My office normally retains records of telephone calls and maintains those notes in the case file. I also personally record my time regarding employment cases. My office maintains those records for some five years. Based on those records, my time regarding *Alvarez v. Amb-Trans* appears in pertinent part below:

| | |
|---|---|
| 4/28/11 | No such phone calls or attempted phone calls occurred |
| 5/5/11 | No such phone calls or attempted phone calls occurred |
| 10/5/11 | Mr. Levy did not attend this hearing. When the court called Mr. Levy's office, the Court was told that he was in mediation. |
| 11/15/11 – 12/3/11 | Plaintiffs claim 12 hours to prepare discovery requests. Among these discovery requests were requests directed to Defendants who were never served and never appeared in this matter: Ana Rommel and David Surina. Also included were discovery requests directed to Mitchel Shaner who had been dismissed from this lawsuit since October, 2011. |
| 12/30/12 | Plaintiffs claim .3 hour in requesting the deposition of Maurice Shaner, but his deposition was never actually requested or discussed. |

| | |
|---|---|
| 1/23/12 | Plaintiffs claim .2 hours in reviewing correspondence from Defendants regarding Maurice Shaner's availability for deposition.  But, such letter was never sent by Defendants' counsel. |
| 1/24/12 | Defendants' counsel's records show that Adrian Lozano, the Legal Assistant actually made this call, not Mr. Levy – Plaintiffs claim .5 hours. |
| 1/27/12 | Plaintiffs claim .4 hours in reviewing a letter from Defendants, but the claimed letter was actually sent on Feb. 3, 2012. |
| 2/22/12 & 2/23/12 | Defendants recorded 1.5 hours to prepare for the Alvarez, Gleed and Crist depositions.  While, Plaintiffs' attorney claims 9.5 hours to prepare for the same depositions. |
| 2/23/12 & 2/24/12 | Attorney Larry Gee claims 13 hours to attend the depositions of Plaintiffs Alvarez, Gleed and Crist.  But, this attorney recorded 3.25 hours to attend the same depositions. |
| 3/23/12 | Plaintiffs claim .5 hours to confer regarding Defendants' discovery concerns.  Defendants' records, however, show a phone call lasting less than .25 hour in which Mr. Levy stated he was busy and would call Defendants' counsel later.  That phone call never came. |
| 4/18/12 | Plaintiffs claim a phone call lasting .5 hour by Larry Gee, but Defendants' counsel's records reflect a phone call with Adrian, the Legal Assistant, lasting .25 hour. |
| 4/25/12 | Plaintiffs claim .8 hours to send a letter to Plaintiff regarding Defendant's proposed protective order.  But, Plaintiffs never did sign the protective order.  Any such letter was never received by Defendants. |
| 5/9/12 | Plaintiffs claim .3 hours by Mr. Levy regarding settlement discussions.  But, Defendants' records indicate that Mr. Levy was busy that day and Defendants' counsel actually spoke with Adrian and Larry Gee. Defendants records indicate this phone call was on May 7, not May 9. |
| 6/15/12 | Plaintiffs records indicate more than one phone call to this attorney regarding Plaintiffs' motion for an emergency motion.  Defendants' records, however, indicate only one such phone call. |
| 7/23/12 | Plaintiffs claim 1.5 hours to research and prepare response to Defendants' motion for summary judgment.  But, no such response was ever filed. |

2

| | |
|---|---|
| 8/6/12 | Plaintiffs claim .5 hours to make more than one phone call to this attorney to confer regarding another emergency motion. But, Defendants' records indicate only one such call on Aug. 7. The Legal Assistant, Adrian Lozano, left a message. Defendants' counsel returned the call and left a message. There was no response. |
| 10/3/12 | Plaintiffs claim .5 hours in a telephone call with Defendants' attorney. But, Defendants' records indicate the call lasted .25 hours. |
| 11/29/12 | Plaintiffs claim .5 hour to make "multiple" calls to Defendants' counsel regarding a Joint Motion to Extend. But, Defendants' records indicate only one call by Mr. Levy which lasted .25 hours. |

"Plaintiffs' counsel attempted to confer with me regarding their request for attorney's fees on Feb. 12. See attached a true copy of the email sent by Plaintiffs' counsel. But, Plaintiffs filed this motion before Defendants' attorney could respond. My office has maintained this email as part of the case file since it was received.

"Plaintiffs' counsel did confer with Defendants' counsel on Feb. 1, 2013, but did not actually ask about the attorney's fees. See attached true copies of the emails sent that date.

3

"I swear or affirm that the above statement is true and correct. I have been given an opportunity to review this statement and to make any necessary changes."

Signed on _____Feb. 26_____, 2013.


_____
Thomas J. Crane


SUBSCRIBED AND SWORN TO BEFORE ME on _February 26,_ .

2013, to certify which witness my hand and official seal.


_____
Notary Public, State of Texas


KIMBERLY L. WYNNS
My Commission Expires
March 2, 2013



KIMBERLY L. WYRHS
My Commission Expires
March 2, 2013

From:  Glenn Levy Law <glenn@glennlevylaw.com>
Subject:  **Attorneys fees**
  Date:  February 12, 2013 9:30:18 AM CST
    To:  Tom Crane <tjcoffice3649@sbcglobal.net>, Thomas Crane <tom@cranelawyer.net>

I am filing my motion for attorneys fees

I am asking for my rate of 485 an hour based upon my 22 years experience and the going rates in the community.
I have well over 200 hours in time for this case.

Can you agree to any of these issues?

*-Glenn D. Levy*
*Attorney at Law*
*906 West Basse Road, Suite 100*
*San Antonio, Texas 78212*
*210.822.5666 phone*
*210.822.5650 fax*
*www.GlennLevyLaw.com*

*The information contained in this e-mail message is intended only for*
*the personal and confidential use of the recipient(s) named above. If*
*you have received this communication in error, please notify us*
*immediately by e-mail, and delete the original message.*

H. Shaner

From: thomas j. crane <tjcoffice3649@sbcglobal.net>
Subject: **Re: Message**
Date: February 1, 2013 2:38:53 PM CST
To: Glenn Levy <gdlevy@gmail.com>

Sure, if you wish.  Or, you could include it in the body of the email.  Whatever works.

I do not have a preference, I guess since I am not sure what you are asking to confer about - hourly rate, the time spent, or other things?

Tom Crane
San Antonio
210-736-1110
www.sanantonioemploymentlawblog.com

On Feb 1, 2013, at 11:49 AM, Glenn Levy wrote:

Ok. Did you want me to email you my proposed fees?

Glenn D. Levy
Attorney at Law
906 West Basse Road, Suite 100
San Antonio, Texas 78212
210.822.5666 phone
210.822.5650 fax
www.GlennLevyLaw.com

On Feb 1, 2013, at 11:47 AM, thomas j. crane <tjcoffice3649@sbcglobal.net> wrote:

Sure, I think we are conferring already.

Tom Crane
San Antonio
210-736-1110
www.sanantonioemploymentlawblog.com

On Feb 1, 2013, at 10:38 AM, Glenn Levy wrote:

My client is. The judge entered a judgment for the recovery of fees. Did you want to confer about mine?

Glenn D. Levy
Attorney at Law
906 West Basse Road, Suite 100
San Antonio, Texas 78212
210.822.5666 phone
210.822.5650 fax
www.GlennLevyLaw.com

M. Shaner

From: thomas j. crane <tjcoffice3649@sbcglobal.net>
Subject: **Re: Message**
Date: February 1, 2013 11:47:28 AM CST
To: Glenn Levy <gdlevy@gmail.com>

Sure, I think we are conferring already.

Tom Crane
San Antonio
210-736-1110
www.sanantonioemploymentlawblog.com

On Feb 1, 2013, at 10:38 AM, Glenn Levy wrote:

My client is. The judge entered a judgment for the recovery of fees. Did you want to confer about mine?

Glenn D. Levy
Attorney at Law
906 West Basse Road, Suite 100
San Antonio, Texas 78212
210.822.5666 phone
210.822.5650 fax
www.GlennLevyLaw.com

On Feb 1, 2013, at 10:24 AM, thomas j. crane <tjcoffice3649@sbcglobal.net> wrote:

What would you like to discuss?  My client is not seeking attorney's fees.

Tom Crane
San Antonio
210-736-1110
www.sanantonioemploymentlawblog.com

On Feb 1, 2013, at 10:17 AM, Glenn Levy Law wrote:

Did you want to discuss attorneys fees?

-Glenn D. Levy
Attorney at Law
906 West Basse Road, Suite 100
San Antonio, Texas 78212
210.822.5666 phone
210.822.5650 fax
www.GlennLevyLaw.com

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. If
you have received this communication in error, please notify us
immediately by e-mail. and delete the original message.

M. Shaner

From: thomas j. crane <tjcoffice3649@sbcglobal.net>
Subject: **Re: Message**
Date: February 1, 2013 10:24:48 AM CST
To: Glenn Levy Law <glenn@glennlevylaw.com>

What would you like to discuss?  My client is not seeking attorney's fees.

Tom Crane
San Antonio
210-736-1110
www.sanantonioemploymentlawblog.com

On Feb 1, 2013, at 10:17 AM, Glenn Levy Law wrote:

Did you want to discuss attorneys fees?

-Glenn D  Levy
Attorney at Law
906 West Basse Road, Suite 100
San Antonio, Texas 78212
210.822 5666 phone
210.822 5650 fax
www.GlennLevyLaw.com

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. If
you have received this communication in error, please notify us
immediately by e-mail, and delete the original message

On Fri, Feb 1, 2013 at 10:14 AM, thomas j. crane <tjcoffice3649@sbcglobal.net> wrote:
Hey Glenn. you left a phone message for me.

What can I do for you?  I prefer to speak with you via email, letter or fax.

Tom Crane
San Antonio
210-736-1110
www.sanantonioemploymentlawblog.com

M. Shaner