# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| **DAVID ALVAREZ, ET AL.** | § | |
| | § | |
| **v.** | § | |
| | § | **SA-11-CV-179-XR** |
| **AMB-TRANS INC., ET AL.** | § | |

## ORDER

On this day came on to be considered Plaintiffs' motion for attorneys' fees (docket no. 87). The motion is granted in part and denied in part as follows:

In this case the Court, after conducting a bench trial, found that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. The Court found that Plaintiff Alvarez suffered actual unpaid wages in the amount of $35,157.10, Plaintiff Gleed suffered actual unpaid wages in the amount of $14,787.80, and Plaintiff Crist suffered actual unpaid wages in the amount of $5,343.70. Plaintiffs were also awarded liquidated damages in an amount equal to the unpaid wages. Accordingly, all three Plaintiffs received a total award of $110,577.20.

Counsel for Plaintiffs has now filed an affidavit seeking attorneys' fees in the amount of $88,117.50. In their motion, Plaintiffs request that the Court adjust the lodestar upward by twenty-five percent because of the "Defendants [sic] insubordinate intent to require that this case be forced to trial" and refusal to "engage in any effective or good faith settlement negotiations."

## Analysis

The relevant provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), provides that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." The language of the statute thus mandates that the Court award attorney's fees to the prevailing party, but gives the

Court discretion in deciding what is reasonable. Defendants do not dispute that Plaintiffs are prevailing parties.

The computation of reasonable attorneys' fees involves a three step process: (1) determine the nature and extent of the services provided by Plaintiff's counsel; (2) set a value on those services according to the customary fee and quality of the legal work; and (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the particular case. *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717–19 (5th Cir. 1974); *Copper Liquor, Inc. v. Adolph Coors Co*., 684 F.2d 1087, 1092 (5th Cir. 1982). Steps one and two result in a computation of the "lodestar" amount. Both the hours worked and the hourly rate must be reasonable, and the Court considers only the hours spent on the successful claims. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). In the final step, the lodestar is adjusted on the basis of the other factors enumerated in *Johnson*. That is, once the basic fee is calculated, the Court may adjust the amount upward or downward. This adjustment is made by applying the factors identified in *Johnson*. Rarely are all factors applicable, however, and a trial judge may give them different weights. *Id*.

In their motion and the supporting affidavit, Plaintiffs seek recovery of attorneys' fees as follows:

| | | | |
|---|---|---|---|
| Lead Attorney Glenn D. Levy | $385/hour | 205.5 hours | $79,117.50 |
| Support Attorney Larry Gee | $300/hour | 30 hours | $9,000 |
| Paralegal Adriana Lozano | $75/hour | 4.7 hours | $0[1] |

Defendants respond that Plaintiffs' counsel's time entries include "very little detail." In addition, they argue that Plaintiffs' counsel failed to exercise "billing judgment" and has improperly included time for numerous entries where the work was not performed. In addition,

[1] Apparently, Plaintiffs are foregoing any recovery of paralegal fees.

Defendants argue that counsel improperly included time for electronically filing documents with the court, a clerical task. Defendants also argue that the rates requested are excessive for the San Antonio area and should be closer to "$200 or $325 per hour."

Each of the *Johnson* factors has been considered by the Court and evaluated and weighed in light of the entire record in this case. The factors have also been weighed in light of this Court's experience in this type of litigation.

The Court finds that the requested amount is somewhat excessive. Portions of the time record summaries submitted by counsel are nonspecific and thus unacceptable. *See Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir.), *cert. denied*, 486 U.S. 1008 (1988) (stating that billing records that are scanty or lack explanatory detail are unacceptable). As a result, the Court considers and makes findings concerning each of the *Johnson* factors as follows:

A. The time and labor involved.

Having examined the time records and affidavits submitted by counsel, the Court finds that the hours of attorney time purportedly expended in this case are not within the range of reasonableness for the tasks performed in connection with this litigation. As noted by Defendants' counsel there were a number of time entries for work not performed or for clerical tasks. Further, this was a relatively simple case of whether or not the Plaintiffs were properly paid overtime pursuant to the FLSA.

B. The novelty and difficulty of the questions.

The factual and legal issues in this case were neither difficult nor unusual especially given that Plaintiffs' counsel is board certified in the area of labor and employment law. This case did not present any novel or difficult questions which counsel should not have anticipated in preparing for trial.

C. The skill requisite to perform the legal service properly.

The Court finds that counsel were adequately skilled and otherwise qualified to pursue this case.

D. The preclusion of other employment by the attorneys due to acceptance of this case.

This was not a complex case and should not have caused counsel to limit the number of cases counsel could handle at any given time. The case did not involve a demanding area of the law and if counsel chose to spend a considerable amount of time on this case to the exclusion of others, it was a choice, not necessitated by the nature of the case.

E. The customary fee.

The court finds that the hourly rates submitted by counsel appear to be higher than the customary fee for the San Antonio area.

The Court further takes judicial notice that the State Bar of Texas Department of Research and Analysis compiles an Annual Hourly Rate Report detailing attorney hourly rates by years in practice, location and type of practice.[2] Based on the latest report available (analyzing rates charged during 2011), the Court finds that in 2011, the median rate for attorneys of experience such as Mr. Levy and Mr. Gee was $268 per hour. The Court finds that an hourly rate of $268 represents a reasonable and customary hourly rate. The Court notes that with regard to paralegal hourly rates, the State Bar of Texas Legal Assistant Division has surveyed its membership, and the median hourly rate for a paralegal has been found to be $107.[3] Although Plaintiffs referenced Ms. Lozano's $75 rate, they have requested no paralegal fees.

[2] http://www.texasbar.com/Content/NavigationMenu/AboutUs/ResearchandAnalysis/DemographicEconomicTrends/default.htm

[3] *Id*.

F. Whether the fee is fixed or contingent (The Risk Factor).

Neither party provided the Court with a copy of any agreement between Plaintiffs and their counsel. Nevertheless, a "district court is not bound by ... the agreement of [counsel with his client] as to the amount of attorneys' fees." *Copper Liquor, Inc. v. Adolph Coors Co*., 684 F.2d at 1089. Furthermore, allotting an enhancement for a contingency factor has been criticized. *Id*. at 1097 n. 30. The complexity and difficulty of the issues in this case were not substantial. Despite Plaintiffs' assertion that FLSA cases are "undesirable" to many attorneys, this case was brought under the FLSA where the burden of complying with various regulations fall on the employer. *See* Docket number 51. The risks undertaken and successfully met by counsel for Plaintiffs were not so enormous as to justify an upward adjustment of the lodestar amount. In addition, Plaintiffs' argument that Defendants should somehow be financially punished for trying this case is rejected. Given the differences of opinion regarding the number of hours actually worked by Plaintiffs, Defendants were entitled to a trial. Indeed, they were entitled to a trial on the merits, notwithstanding their failure to appreciate the exacting burden of wage and hour regulations applicable to their business.

Based on the foregoing, the Court finds that a reasonable award for attorneys' fees is as follows:

| | | | |
|---|---|---|---|
| Lead Attorney Glenn D. Levy | $268/hour | 205.5 hours[4] | $79,117.50 |
| Support Attorney Larry Gee | $268/hour | 30 hours | $9,000 |

[4] In their motion and the supporting affidavit, Plaintiffs seek 205.5 hours for Attorney Levy. After deducting numerous hours for incorrect or excessive time entries, the Court's calculation indicates that reasonable hours for Levy equal 230.3 hours. However, inasmuch as Levy only seeks recovery for 205.5 hours, the award will be limited to the initial request.

## Conclusion

Plaintiffs' motion for attorneys' fees (docket no. 87) is granted in part and denied in part. Plaintiffs are awarded attorneys' fees of $88,117.50. Plaintiffs submitted no bill of costs. Accordingly, recovery of court costs is waived.

SIGNED this 4th day of March, 2013.

_________________________________
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE